**Wilson DUTAN, Plaintiff,**

v.

**SHEET METAL REMODELING, LLC, Defendant.**

**No. 1:14cv342(JCC/JFA).**

United States District Court,
E.D. Virginia,
Alexandria Division.

Signed Sept. 22, 2014.

---

Lee Brinson Warren, Cook Craig & Francuzenko PLLC, Fairfax, VA, for Plaintiff.

## ORDER

JAMES C. CACHERIS, District Judge.

Upon consideration of the August 21, 2014, Report and Recommendation of the United States Magistrate Judge designated to conduct a hearing in this matter, no objection having been filed within fourteen days, and upon an independent review of the record, it is hereby

ORDERED that the court adopts as its own the findings of fact and accepts the recommendation of the United States Magistrate Judge. The Clerk of Court shall enter default judgment in favor of the Plaintiff and against the defendant Sheet Metal Remodeling, LLC. in the amount of $24,635.54.

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

JOHN F. ANDERSON, United States Magistrate Judge.

This matter is before the court on plaintiff Wilson Dutan's ("Dutan" or "plaintiff") motion for default judgment (Docket no. 7) against defendant Sheet Metal Remodeling, LLC ("SMR" or "defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On April 1, 2014, plaintiff filed his complaint alleging that during his employment by defendants, he performed overtime work for which no compensation was paid at the overtime rate and he performed work for which he was not compensated at the applicable minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the Virginia Minimum Wage Act ("VMWA").[1] (Docket no. 1) ("Compl."). The complaint also asserts claims for breach of contract and quantum meruit. (Id.). In the complaint, plaintiff sought unpaid overtime and minimum wages, liquidated damages in an amount equal to the unpaid minimum and overtime wages owed, pre- and post-judgment interest, attorney's fees and costs, or, alternatively, the reasonable value of his services under quantum meruit, in at least the amount that defendants would have paid him had they followed the applicable minimum wage and overtime laws. Id.

On April 9, 2014, a summons was issued for service on Elder R. Zapeta as registered agent for defendant SMR at 5761 Exeter Court # 62, Alexandria, VA 22311. (Docket no. 2). Elder R. Zapeta refused service. (Docket no. 5–1). On May 2, 2014, the summons and complaint were served on defendant SMR through the Commonwealth of Virginia State Corporation Commission as statutory agent for service of process. (Docket no. 3). The certificate of compliance filed by the State Corporation Commission on May 7, 2014 confirms that Joel H. Peck, Clerk of the Commission, was served with the summons and complaint on May 2, 2014 in accordance with Va.Code § 12.1–19.1. (Id.). On May 5, 2014, the State Corporation Commission sent a copy of the complaint by first-class mail to SMR at 5761 Exeter

---

1. The complaint named Sheet Metal Remodeling, LLC and Manfredo Benegdigito Zapeta as defendants. However, as stated in the motion for default judgment, the memorandum in support, and the supplemental memorandum, plaintiff seeks a default judgment against defendant Sheet Metal Remodeling, LLC, only. (Docket nos. 7, 8, 14). Moreover, on July 24, 2014, plaintiff filed a stipulation of dismissal as to defendant Zapeta. (Docket no. 10). The District Judge entered the Order dismissing Zapeta on July 29, 2014. (Docket no. 11). As such, the recommendations that follow pertain to the only remaining defendant, Sheet Metal Remodeling LLC.

Ct # 62, Alexandria, VA 22311. (*Id.*). In accordance with Fed.R.Civ.P. 12(a), a responsive pleading was due from SMR on May 28, 2014, 21–days after the State Corporation Commission certificate of compliance was filed. SMR has not filed a responsive pleading and the time for doing so has expired.

On July 1, 2014, the District Judge entered an Order directing plaintiff immediately to obtain a default from the Clerk of the Court and to file a motion for default judgment and an accompanying memorandum and to set a hearing on the motion for default judgment for no later than Friday, August 8, 2014. (Docket no. 4). On July 1, 2014, plaintiff filed an application for entry of default against SMR (Docket no. 5) and an accompanying declaration from Lee B. Warren in support of the request for entry of default (Docket no. 5–1). The Clerk of the Court entered default against SMR on July 2, 2014. (Docket no. 6).

On July 23, 2014, plaintiff filed this motion for default judgment against SMR along with a memorandum in support (Docket no. 8), a declaration from Lee B. Warren (Docket no. 8–4) ("Warren Decl."), and a notice setting a hearing on the motion for August 8, 2014 (Docket no. 9). Defendant SMR was served copies of the motion for default judgment, memorandum in support, and notice of hearing by first-class mail on July 24, 2014. (Docket nos. 7–9). At the hearing on August 8, 2014, counsel for the plaintiff appeared before the undersigned and no one appeared on behalf of defendant. Following the hearing, the undersigned entered an order directing plaintiff to submit a supplemental memorandum in support of his motion for default judgment. (Docket no. 13). On August 15, 2014, plaintiff filed and served a supplemental memorandum in support of his motion. (Docket no. 14). This report and recommendation follows.

## Factual Background

The following facts are established by the complaint, the memorandum and declaration in support of the motion for default judgment, and the supplemental memorandum. (Docket nos. 1, 8, 14).

Plaintiff Dutan is an adult resident of Virginia. (Compl. ¶ 6). Defendant SMR is a Virginia limited liability company doing business in the Commonwealth of Virginia. (Compl. ¶ 7). At all times relevant to this action, SMR was plaintiff's employer within the meaning of the FLSA, and SMR was engaged in interstate commerce or in the production of goods for interstate commerce as defined by the FLSA. (Compl. ¶ 9; Docket no. 8 at 1). Throughout plaintiff's employment, he performed various services, working on HVAC units and on SMR's construction projects. (Compl. ¶¶ 9, 11; Docket no. 8 at 1). According to plaintiff, defendant violated the FLSA by paying plaintiff at an effective hourly rate of less than the federal minimum wage of $7.25 per hour and by not paying plaintiff, a non-exempt employee working overtime hours in excess of forty (40) hours per week, at the overtime rate of one and one-half (1.5) times his regular rate of pay for each overtime hour worked. (Compl. ¶¶ 22, 25).

Plaintiff states that he was employed by SMR for a period of nearly five months, from June 2013 through October 2013, and that he was an "employee" within the meaning of 29 U.S.C. § 203(e). (Compl. ¶ 11; Docket no. 8 at 1, 2). While employed by defendant, plaintiff's job duties primarily included working on various construction projects, including Wakefield Forest Elementary School and HVAC work at the Potomac Mall. (Compl. ¶ 11). Plaintiff states he routinely worked over forty (40) hours per week and often more hours in overtime; however, he was never paid at the overtime rate of one and one-

half (1.5) times his regular rate of pay for those additional hours worked and was not paid at the applicable minimum wage required by the FLSA. (Compl. ¶¶ 20, 25; Docket no. 8 at 2). Rather, plaintiff contends defendants paid him a total of $1,000 and willfully required him to work so many hours each week that his effective wage was less than $7.25 per hour. (Compl. ¶¶ 12, 25).

Plaintiff was employed by SMR from June 2013 through October 2013. (Compl. ¶ 11). Plaintiff states that from June 3 until June 7, 2013, he was supposed to be paid at an hourly rate of $12, and from June 8 until October 3, 2013, he was supposed to be paid at an hourly rate of $15. (Compl. ¶ 31; Docket no. 8 at 3; Docket no. 8–1). Plaintiff alleges that during his employ, he was paid intermittently on a cash basis in the gross amount of $1,000 and never received overtime pay for the hours worked over forty (40) in any workweek at an hourly rate equal to at least 1.5 times the federal minimum wage of $10.88 per hour ($7.25 × 1.5). (Compl. ¶¶ 12, 21).

Plaintiff alleges defendant knew or should have known that plaintiff worked forty (40) hours per week and often many more hours in overtime for which he was not paid at the applicable minimum wage and overtime rate. (Compl. ¶¶ 15, 16; Docket no. 8 at 2). Plaintiff was paid intermittently on a cash basis, which worked out to less than $7.25 per hour for the hours he worked. (Compl. ¶¶ 13, 16). Plaintiff contends that, with the exception of two weeks during this fourteen week employment period, he consistently worked overtime in excess of forty (40)

hours each work week, and defendant willfully, deliberately, and intentionally refused to compensate him at the correct overtime rate of time-and-one-half pay in violation of the FLSA. (Compl. ¶¶ 20, 22; Docket no. 8 at 3; Docket no. 8–1). Plaintiff contends that had he been paid at the proper FLSA rates, he would have earned $7,418.56.[2] (Docket no. 14 at 2). Plaintiff alleges SMR failed to inform him of, and or misled him concerning, his rights under the FLSA to minimum and overtime wages. (Compl. ¶ 17). Plaintiff alleges he has suffered damages as a result of defendant's willful failure to properly compensate him. (Compl. ¶¶ 23, 26).

In addition, plaintiff alleges that he is entitled to liquidated damages in an amount equal to his unpaid minimum wage and overtime compensation for defendant's violation of the FLSA. (Compl. ¶¶ 23, 26; Docket no. 8 at 3). Plaintiff also seeks attorney's fees, costs, and pre- and post-judgment interest. (Compl. ¶¶ 23, 26).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on defendant's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as to SMR. (Docket no. 6).

■ A defendant in default admits the factual allegations in the complaint. *See* Fed.R.Civ.P. 8(b)(6) ("An allegation—other

---

**2.** In the complaint, plaintiff states generally that he is entitled to unpaid wages under the FLSA in amounts to be determined at trial. (Compl. ¶ 23, 26). In the supplemental memorandum in support of the motion for default judgment, plaintiff included calculations, based on the minimum wage rate of pay and his hours worked, which showed plaintiff should have earned a gross sum of $7,418.56 if he had been paid at the applicable FLSA rates. (Docket no. 14 at 2). Because plaintiff was actually paid $1,000, plaintiff asserts he is owed unpaid wages in the amount of $6,418.56. (*Id.*).

than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com,* 250 F.Supp.2d 610, 612 n. 3 (E.D.Va.2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

■■■■ A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff states that this court has subject matter jurisdiction over his FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).[3] (Compl. ¶ 2; Docket no. 8 at 1). Plaintiff states this court has subject matter jurisdiction over his state law claims under 28 U.S.C. § 1367(a). (Compl. ¶ 3). The FLSA provides that any action to recover unpaid minimum or overtime wages, and for liquidated damages, may be maintained "in any federal or state court of competent jurisdiction." 28 U.S.C. § 216(b). In turn, 28 U.S.C. § 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Finally, 28 U.S.C. § 1337 provides that district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. Since this action arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Since plaintiff's state law claims arise from the same set of operative facts, and form part of the same case or controversy, this court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

■■■■ This court also has personal jurisdiction over defendant. As noted in the complaint, defendant SMR is a Virginia limited liability company that does business in the Commonwealth of Virginia. (Compl. ¶ 7). Venue is also proper in this court pursuant to 28 U.S.C. § 1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district. (Compl. ¶ 5).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant SMR, and that venue is proper in this court.

### Service

Pursuant to Fed.R.Civ.P. 4(h), a corporation may be served in a judicial district of the United States (A) in the manner prescribed in Rule 4(e)(1) for serving an individual or (B) by delivering a copy of the summons and complaint to an officer, managing, or general agent, or any other agent authorized by law to receive service of process. Fed.R.Civ.P. 4(h)(1). Fed. R.Civ.P. 4(e)(1) allows for service following state law. Virginia law provides that any time a corporation fails to appoint or maintain a registered agent in Virginia, or

---

**3.** As discussed below, the only jurisdiction basis for this case being in federal court is the FLSA claim. Assuming plaintiff states a viable claim under the FLSA, jurisdiction is proper.

whenever a registered agent cannot with reasonable diligence be found at the registered office, the Clerk of the State Corporation Commission (the "Commission") shall be deemed to be an agent of the corporation upon whom service may be made in accordance with Va.Code § 12.1–19.1. *See* Va.Code § 13.1–637(B). Under Va.Code § 12.1–19.1(A), whenever the Clerk of the Commission has been appointed or is deemed to have been appointed the statutory agent of a corporation for the purpose of service of process, service on the Clerk of the Commission shall be made by leaving two copies of the process for each defendant, together with the applicable fee or fees, in the office of the Clerk of the Commission. Upon receiving the copies of the process, the Clerk or his staff shall mail the process to the defendant at the address supplied by the party seeking service and shall file a certificate of compliance with the other papers in the proceeding giving rise to the service. *See* Va.Code § 12.1–19.1(B).

■ On April 9, 2014, a summons was issued for service on Elder R. Zapeta, as registered agent for defendant SMR, at 5761 Exeter Court, # 62, Alexandria, VA 22311. (Docket no. 2). Elder R. Zapeta refused to accept service on SMR's behalf. (Docket no. 5–1; Docket no. 8 at 2). Because defendant's registered agent could not with reasonable diligence be found at SMR's registered office, a summons and complaint were issued for service on defendant SMR through the Commonwealth of Virginia State Corporation Commission as statutory agent for service of process pursuant to Va.Code § 13.1–637(B). (Docket no. 3). On May 5, 2014, the Clerk of the State Corporation Commission was served personally in compliance with Va.Code § 12.1–19.1(A). (*Id.*). Pursuant to Va. Code § 12.1–19.1(B), on May 7, 2014 the Clerk of the Commission sent a copy of the complaint by first class mail to SMR at 5761 Exeter Ct # 62, Alexandria, VA 22311 and filed a certificate of compliance in this court on May 7, 2014. (*Id.*).

Accordingly, the undersigned magistrate judge recommends a finding that the defendant was served properly with the summons and complaint.

### Grounds for Entry of Default

■ In accordance with Fed.R.Civ.P. 12(a), a responsive pleading was due from SMR on May 28, 2014, 21–days after the Clerk of the Commission filed the certificate of compliance. SMR has not filed a responsive pleading and the time for doing so has expired.

On July 1, 2014, the District Judge entered an Order directing plaintiff immediately to obtain a default from the Clerk of the Court and to file a motion for default judgment and an accompanying memorandum and to set a hearing on the motion for default judgment for no later than Friday, August 8, 2014. (Docket no. 4). On July 1, 2014, plaintiff filed an application for entry of default at to SMR and a declaration from Lee B. Warren in support of the request for entry of default, along with a certificate of service indicating that the request for entry of a default as to SMR was served on SMR by first class mail on July 1, 2014. (Docket no. 5). On July 2, 2014, the Clerk of the Court entered default against SMR. (Docket no. 6).

For these reasons, the undersigned magistrate judge recommends a finding that the defendant was served properly, that the defendant failed to file a responsive pleading in a timely manner, and that the Clerk of the Court has properly entered a default as to the defendant.

### Liability and Measure of Damages

According to Fed.R.Civ.P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is de-

manded in the pleadings." Because defendant failed to file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R.Civ.P. 8(b)(6).

As set forth in the complaint, defendant allegedly violated certain provisions of the FLSA, 29 U.S.C. § 206, the Virginia Minimum Wage Act, Va.Code § 40.1–28.10, and breached employment and loan agreements with plaintiff. Plaintiff claims defendant was required by the FLSA to compensate each employee at a minimum wage for each hour worked. 29 U.S.C. § 206(a). Moreover, defendant was required by Virginia law to compensate each employee in the amount of S7.25 per hour. Va.Code § 40.1–28.10. In addition, for each hour worked in excess of forty (40) during any given work week, the FLSA guarantees an employee overtime pay at a rate not less than one and one-half (1.5) times the employee's regular rate of pay. 29 U.S.C. § 207(a). Plaintiff's motion for default judgment seeks a judgment against defendant in the principal amount of $27,448.87 (consisting of $6,418.56 in unpaid wages + $6,418.56 in liquidated damages pursuant to 29 U.S.C. § 216(b) owed under the FLSA + $10,535.75 in damages on the wage contract + $1,500.00 in damages on the loan contract + $2,025.50 in attorney's fees + $551 in costs), plus prejudgment interest under the FLSA.[4] (Docket no. 14).

**Counts I and II (FLSA)**

To establish a violation of the FLSA for non-payment of minimum wage under 29 U.S.C. § 206, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff was not compensated for all hours worked during each work week at a rate equal to or greater than the then applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiff's position. *See* 29 U.S.C. § 206. To establish a violation of the FLSA for non-payment of overtime hours, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff worked over forty (40) hours per work week; (4) the plaintiff was not compensated at a rate of 1.5 times his regular rate for each hour worked in excess of forty (40) hours for each work week; and (5) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiffs position. *See* 29 U.S.C. § 207.[5]

The facts set forth in the complaint, the memorandum and exhibits in support of the motion for default judgment, and the supplemental memorandum establish that plaintiff was employed by defendant to perform various services from June 2013 through October 2013 for a total of 823.5 hours. (Compl. ¶¶ 9, 11; Docket no. 8 at

---

**4.** *This includes updated figures, as represented in the memorandum in support of the motion for default judgment.* (Docket no. 14).

**5.** Plaintiff alleges that he is covered by the FLSA because he was an employee "engaged in commerce." (Docket no. 14 at 1). Whether plaintiff was actually engaged in commerce as defined by 29 U.S.C. § 203(b) is a close call. However, given that the defendant has failed to appear and contest the applicability

of the FLSA to the plaintiff, the undersigned recommends that the FLSA claim (and the basis for this court's jurisdiction) proceed. During the hearing on August 8, 2014, the court raised several issues concerning the FLSA claim given the local nature of plaintiff's job duties and provided plaintiff with an opportunity to submit a supplemental memorandum. Plaintiff's supplemental memorandum addressed these issues as well as they could be addressed under the circumstances.

1). Plaintiff was engaged in commerce in that he worked at locations in Virginia, including Wakefield Forest Elementary School and the Potomac Mall, conducting mechanical service work that required him to perform work on HVAC units that had moved in interstate commerce for a company that did work in interstate commerce and used interstate communications such as telephone and Internet within the meaning of 29 U.S.C. § 207(a)(1). (Compl. ¶¶ 9, 11).

Plaintiff alleges he was not paid the $7.25 per hour federally mandated minimum wage under 29 U.S.C. § 206(a)(1)(C). Rather, plaintiff alleges he was compensated intermittently on a cash basis in the total amount of $1,000, which equated to less than $7.25 per hour. (Compl. ¶¶ 13, 16). The exhibits attached to plaintiff's motion for default judgment reflect a total of 823.5 hours worked over the course of 14 weeks, for which plaintiff asserts he should have been paid $6,418.56 ($7,418.56 if plaintiff had been paid at the FLSA rates, less the $1,000 actually paid = $6,418.56).[6] In fact, it appears plaintiff should have been paid $5,999.88 for 539.5 hours of regular time and 284 hours of overtime ($6,999.88 if plaintiff had been paid at FLSA rates, less the $1,000 actually paid = $5,999.88). (Docket no. 14–1). No evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 206 apply to plaintiff and he appears to be a covered employee entitled to payment of minimum wage. *See Darveau v. Detecon, Inc.,* 515 F.3d 334, 337 (4th Cir.2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exemption.").

The federal minimum wage is $7.25 per hour. Therefore, for each regular hour plaintiff worked, he was to be paid at a rate of at least $7.25. As set forth in the exhibits accompanying the supplemental memorandum in support of the motion for default judgment and recalculated as necessary, at this hourly rate, it appears plaintiff is entitled to $7,001.29 [ (539.5 regular hours × $7.25) + (284 overtime hours × $10.88) ], less the $1,000 actually paid, for a total of $6,001.29 of unpaid regular and overtime wages under the FLSA for the regular hours worked.

Accordingly, the undersigned recommends that a default judgment be entered in favor of plaintiff on Counts I and II in the amount of **$6,001.29** in unpaid regular and overtime wages under the FLSA.

**Liquidated Damages**

In FLSA cases, employees routinely are awarded an amount of liquated damages equal to unpaid wages. 29 U.S.C. § 216(b); *Donovan v. Bel–Loc Diner, Inc.,* 780 F.2d 1113, 1118 (4th Cir.1985). An employer may attempt to show that the violation of the FLSA was in good faith in an effort to avoid payment of the liquated amount. In this case, the employer has failed to appear and present any defense to either plaintiff's claim of a willful violation of the FLSA. Accordingly, an award of liquated damages equal to the unpaid wages is appropriate.

---

**6.** There appears to be a miscalculation in plaintiff's revised damages spreadsheets, which were submitted in support of his motion for default judgment. (Docket nos. 14–1, 14–2). For the week ending October 3, 2013, it seems plaintiff worked a total of 38.5 hours. Since overtime hours accrue only after forty (40) hours worked in one workweek, then plaintiff did not work any overtime for the week ending October 3, 2013. However, plaintiff seeks payment for 38.5 hours of regular time and 38.5 hours of overtime. This appears to be an error. Accordingly, there is a difference in the numbers contained in plaintiff's supplemental memorandum in support of his motion for default judgment, set forth above, and those that follow in this report and recommendation.

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff against defendant, in the amount of $12,002.58 (consisting of $6,001.29 in unpaid regular and overtime wages + $6,001.29 in liquidated damages owed under the FLSA).

## Count III (Virginia Minimum Wage Act)

Pursuant to Va.Code § 40.1–28.10, "[e]very employer shall pay to each of his employees wages at a rate not less than the federal minimum wage and a training wage as prescribed by the U.S. Fair Labor Standards Act." Va.Code § 40.1–28.10. Plaintiff recognizes that a party may not recover twice for one injury. *Gen. Tel. Co. of the Nw., Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 333, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980) ("It also goes without saying that the courts can and should preclude double recovery by an individual."). Accordingly, plaintiff is entitled to either federal or state minimum wage recovery for the 539.5 regular hours he worked. The undersigned has already recommended that a default judgment be entered in favor of plaintiff on his federal FLSA claims. Accordingly, the undersigned magistrate judge recommends that plaintiffs motion for default judgment as to Count III be denied.

## Count IV (Breach of Contract—Wages)

 In order to prevail on his claim for breach of wages contract under Virginia law, plaintiff must show (1) "a legally enforceable obligation of a defendant to a plaintiff;" (2) "the defendant's violation or breach of that obligation;" and (3) "injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154, 671 S.E.2d 132 (2009). A legally enforceable obligation is shown by establishing an offer, acceptance, and valuable consideration. *See, e.g., Montagna v. Holiday Inns, Inc.*, 221 Va. 336, 347, 269 S.E.2d 838 (1980).

 Plaintiff has established a claim for breach of wages contract under Virginia law. In his complaint, plaintiff alleges defendants, SMR and Zapeta, acting as an agent for SMR, promised to pay plaintiff $12 per hour for his work, which Zapeta raised to $15 per hour following plaintiff's first week of work. (Compl. ¶ 31; Docket no. 8 at 3). Acting in reliance on that agreement, plaintiff performed work for SMR. (Compl. ¶ 32). Defendant is obligated to pay plaintiff in exchange for the 823.5 hours of services he provided from June 2013 through October 2013 and this obligation is legally enforceable. (Compl. ¶ 33). Plaintiff asserts SMR breached that obligation by failing to compensate plaintiff for the work he performed in the amount of $15,154.50.[7] (Compl. ¶ 33;

---

**7.** Although plaintiff contends he was entitled to be paid $15,154.50, plaintiff seeks $10,535.75 ($12 per hour for the first week of work and $15 per hour thereafter = $15,154.50, less the FLSA wages to avoid double recovery = $10,535.75). (Docket no. 14 at 3). In addition, as stated above, there appears to be a miscalculation in plaintiff's revised breach of contract spreadsheet submitted in support of his motion for default judgment. (Docket no. 14–2). For the week ending October 3, 2013, it seems plaintiff worked a total of 38.5 hours. Since overtime hours accrue only after forty (40) hours worked in one workweek, then plaintiff did not work any overtime hours for the week ending October 3, 2013. However, plaintiff claims he is entitled to be paid for 38.5 hours of regular time and 38.5 hours of overtime. (Docket no. 14–2). This appears to be an error. Accordingly, there is a difference in the numbers contained in plaintiff's supplemental memorandum in support of his motion for default judgment, set forth above, and those that follow in this report and recommendation.

Docket no. 14 at 2). In fact, it appears plaintiff should have been compensated in the amount of $14,288.75 [ (40 × $12 and 16.5 × $18 per hour for the first week of work) + (499.5 × $15 and 267.5 × 22.5 per hour thereafter = $14,288.25) ]. Plaintiff has alleged an injury as a result of SMR's breach of the obligation to pay him. (Compl. ¶ 34).

▮▮▮▮ For these reasons, plaintiff appears to have established a claim for breach of contract under Virginia law. The next question, however, is whether plaintiff can be simultaneously entitled to an FLSA wages recovery and the full amount of his claimed damages for breach of wages contract. Plaintiff recognizes that a party may not recover twice for one injury. *Gen. Tel. Co. of the Nw., Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 333, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980) ("It also goes without saying that the courts can and should preclude double recovery by an individual."). Accordingly, plaintiff may only recover any amounts that exceed the $5,999.88 amount awarded under the FLSA claim, an amount of $8,286.96 ($14,288.25 less $6,001.29 FLSA wages to avoid double recovery (which includes the $1,000 paid) = $8,286.96).

For these reasons, the undersigned recommends that a default judgment be entered in favor of plaintiff on Count IV in the amount of **$8,286.96**, comprised of plaintiff's contractual damages, less plaintiff's unpaid wages under the FLSA.

## Count V (Breach of Contract—Loan)

Plaintiff has established a claim for breach of a loan agreement under Virginia law, the elements of which are set forth above. Plaintiff loaned SMR $1,500.00 in cash for SMR to purchase construction materials in exchange for SMR's promise to repay plaintiff. (Compl. ¶ 36). Defendant breached that obligation by failing to repay plaintiff any of the loan. (Compl. ¶ 37; Docket no. 8 at 4). Plaintiff suffered injury as a result of defendant's breach of that obligation to him. (Compl. ¶ 38).

Plaintiff seeks an award of $1,500.00 for breach of the loan agreement. For the reasons set forth above, the undersigned recommends that a default judgment be entered in favor of plaintiff on Count V in the amount of **$1,500.00** comprised of the unpaid loan amount.

## Attorney's Fees and Costs

▮▮▮ The FLSA provides for the mandatory award of attorney's fees and costs of an action. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In support of his request for $2,025.00 in attorney's fees and $551.00 in costs (the $400 filing fee, plus $30 in service of process fee to the State Corporation Commission, and $121 in fees for attempted service of process), plaintiff submitted the declaration of Lee B. Warren, to which is attached a time sheet. (Docket no. 8–4).

Plaintiff contends that he is entitled to a reasonable attorney's fees and costs under the FLSA. 29 U.S.C. § 216(b). According to the Warren Declaration, the total amount of attorney's fees incurred was $2,025.00. This is comprised of 8.8 hours in attorney time at $225 per hour for Mr. Warren and $375 per hour for Mr. Cook. (Warren Decl. ¶ 5). Mr. Warren states that these hourly rates are consistent with generally accepted hourly rates in the Northern Virginia area. (Warren Decl. ¶ 3). The undersigned has reviewed the declaration of Mr. Warren and recommends a finding that the **$2,025.00** in attor-

ney's fees is reasonable.[8]

The amount of costs requested includes $400.00 for the filing fee, $30.00 in service of process fees to the Virginia State Corporation Commission, and $121.00 in fees for attempted service of process. Accordingly, because plaintiff's counsel later had to incur additional costs in making service by the Virginia State Corporation Commission, and given the allegation that defendant appears to be actively avoiding plaintiff, plaintiff should be entitled to the costs of those efforts to serve defendant. Accordingly, the undersigned recommends a finding that the **$551.00** amount requested by plaintiff for costs is reasonable and should be awarded.

### Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff Wilson Dutan and against defendant Sheet Metal Remodeling, LLC in the amount of **$24,365.54** ($6,001.29 in unpaid wages + $6,001.29 in liquidated damages under the FLSA + $8,286.96 in wage contract damages + SL500.00 in loan contract damages + $2,025.00 in attorney's fees + $551.00 in costs).

### Notice

By means of the court's electronic filing system, and by mailing a copy of this proposed findings of fact and recommendations to defendant Sheet Metal Remodeling, LLC, 5761 Exeler Court # 62, Alexandria, VA 22311, c/o Manfredo Benegdigito Zapeta. 4408 Elan Court, Annandale, VA 22003, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 21st day of August, 2014.

---

8. The Warren Declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–23 (4th Cir.2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir.1978) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.1990) for establishing a reasonable fee award. Under those cases, the relevant inquiry is whether the fees charged are comparable with the prevailing market rates of other local lawyers familiar both with the skills of the fee applicants and the type of work in the relevant community; here, Northern Virginia. *Plyler*, 902 F.2d at 278. However, since defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by plaintiff concerning the reasonableness of these fees as true. The total amount of the fees and costs requested are consistent with fees and costs incurred in similar cases and awarded by this court.